### [No. 1853.]
### MICHAEL v. TRACY.

1. PRACTICE—MOTION FOR NEW TRIAL—ARGUMENT—REFEREE'S REPORT.

It is the duty of the court to hear argument on a motion for new trial and where the motion raises the question as to whether or not a referee's findings of fact were justified by the evidence, and there was no specific order giving the referee power to make such findings it is the duty of the court to consider the objections, hear the testimony and pass on the motion.

2. PRACTICE—FINDINGS OF REFEREE.

Where the order appointing a referee gave him no specific power to make findings of fact and in his report he reported the evidence taken by him together with his findings of fact, his findings are not conclusive either upon the trial court or the appellate court.

3. PARTNERSHIP—SALARY OF PARTNER—CONTRACTS.

A partner is not entitled to a salary from the firm for services rendered the partnership in the absence of a specific agreement providing for it, and the burden is on the partner claiming a salary to show such agreement.

*Appeal from the District Court of Arapahoe County.*

Mr. W. W. DALE, for appellant.

Mr. E. E. SCHLOSSER, for appellee.

BISSELL, P. J.

Michael filed a bill in equity againt Tracy setting up a copartnership between them to transact a particular business. Under the agreement the copartnership was to continue at the will of the parties. All the other elements and terms of the agreement may be omitted from the statement. A notice of the termination of the copartnership was alleged, the history of the matter stated, and after other allegations essential to such a bill plaintiff prayed judgment for a legal dissolution and an accounting, the appointment of a receiver, the disposition of the firm property and the distribution of the surplus, if any, after the payment of debts. The defendant took issue and the case went to trial. The court thereupon made an order of reference. In terms the order was that the cause was referred to the referee " with all the powers appertaining to that office." No other order was made nor any other direction given to the referee ; the parties took no exception to the order but went before the officer and introduced their testimony. On the conclusion of the evidence he made a report which was accompanied by a transcript of all the testimony taken according to the statute, and he made certain findings of fact which covered all the matters in issue. The plaintiff filed exceptions and moved that the report be set aside and a new trial granted. The first finding attacked was one which allowed the defendant a salary from the firm of $25.00 a week. Other items of debit and credit included in the findings were likewise assailed ; the rulings of the referee on the introduction of testimony excepted to and the application for a new trial was also based on the ground of the discovery of material evidence which the plaintiff could not with reasonable diligence have obtained prior to the conclusion of the hearing. In support of the latter ground affi-

davits were filed. This motion came on for hearing and we find this peculiar condition of affairs as recited in the bill of exceptions. The court refused to hear any argument and refused to hear or read the testimony. The plaintiff especially excepted to the order overruling his motion for a new trial because no argument was allowed, and because of the approval of the report without argument and to the entry of the decree without argument and consideration. The court overruled all these motions and applications, entered a decree based on the referee's findings and an appeal was allowed which is the matter now under consideration.

It is so manifest that the whole proceeding was contrary to the practice which ought to prevail in such cases and we are so thoroughly satisfied that the referee erred as a matter of law in finding that the defendant was entitled to a salary of $25.00 a week, that we shall reverse the case and send it back for further proceedings. We are not at all satisfied about the power which the referee had under the order. Under our statute a referee has no general powers. The code has provided a system of procedure for the appointment of referees and has prescribed the powers which a referee may exercise which must be conferred by the order of the court. Undoubtedly this was a case which the court had authority, to refer. It was one involving a long account and the affairs of a copartnership. The court could give the referee power to take the testimony or to take the evidence and make findings of fact and report a judgment. The powers of a referee under orders of this description are well defined and settled. We gravely doubt whether under the order which the court made, the referee had any other power than to take the testimony and report it to the court who thereon could make such findings of fact and enter such judgment as it might be advised. We do not believe under the authority granted the referee could either make findings of fact or report a judgment. The latter he did not assume to do although he did report findings of fact. Whether if the judgment was otherwise, and on the record entirely right and proper, we should be at lib-

erty to reverse it because of the procedure, we do not undertake to determine. It is a very close question and it is quite possible under the liberal interpretation placed on the powers of referees by the supreme court and the results attaching to the acts of parties who go before a referee and try their case, the judgment might be sustained. *Terpening v. Holton,* 9 Colo. 306. Under these circumstances we prefer to put our decision on another ground than the error resulting from the procedure. The appellant seems not to have taken a partic ular and definite exception to the acts of the referee in making findings of fact, nor does he seem to have made a motion for a new trial based on this particular ground. It may therefore possibly be true that he could not be heard to complain that the referee made findings, though we believe he was wholly without authority. Waiving this matter and not deciding it, we proceed with the consideration of the further question which is suggested by the matters in the bill of exceptions. As already stated, it recites that the court refused to permit argument on the motion for a new trial and refused to read or hear the testimony taken and reported by the referee. We do not believe this accords with the theory and practice which ought to prevail. Even if we should assume or concede that the fact that the referee made findings was not assailable error, and that possibly the court had a right to proceed on that basis, we yet think that under the code provision, it was the duty of the court to hear argument on the motion for a new trial, and that it was his duty to examine and consider the testimony to determine whether or not the referee's findings accorded with the evidence and was sustained thereby. This comes from the circumstances that no specific power was given to make findings of fact, and we gravely doubt the right of the court to accept them and proceed to enter a judgment without the consideration of the testimony. We are borne out in this position by section 313 of the code, which in general enacts that the judgment shall not be entered until five days after notice and until after the court has passed on the objections specified in the motion for

a new trial. If the motion for a new trial raises the question whether the referee's findings were justified and there is no specific order giving the referee power to make such findings and report judgment, we think it is quite clearly the duty of the court to consider the objection, hear the testimony and pass on the motion. At all events, whether this be or be not true, since the evidence was reported by the referee, we do believe that his findings are under these circumstances and under such an order in any sense or in any way conclusive on the trial court or on us. We believe we have the right and that it is our duty as it was the duty of the district court to take the testimony thus reported and examine it and thereby ascertain and conclude whether or not the findings were justified. Believing this to be our duty we have read the testimony and we are so thoroughly satisfied the referee erred on the pivotal question, that we shall reverse it on a consideration of one matter of testimony alone. We do not undertake, nor have we attempted to examine the testimony in order to decide all matters of fact, because that is an obligation resting on the trial court. Considering, however, the fundamental error, we shall pass on this one question and reverse the judgment and remand the case to the district court for a hearing and a settlement of the account between the parties.

It is a well settled proposition of law that no partner is entitled to a salary from the firm for the services which he renders to the partnership in the absence of a specific agreement providing for it. The question of the right to a salary in the first instance is resolvable under the law against the person claiming it. We start out with the proposition : Tracy was not entitled to $25.00 a week, nor to any other sum for his services to the firm, unless he was able to show a specific agreement with Michael about it. As we read the testimony he wholly failed to sustain the burden which the law lays on him. In the first place he did not prove it. He did not testify to any definite and specific agreement which would give him a right to that salary even though there had

been no testimony to the contrary. His evidence lacks directness, it contains none of the elements of definite and satisfactory proof on this question. In the next place whatever he said on the matter was contradicted by Michael. This circumstance would leave the matter so balanced, both parties being equally credible, that it could not be said Tracy established the contract. In the next place Michael's contention concerning this matter was very largely corroborated by the testimony of the bookkeepers as to what occurred at the time there was an attempt to settle the copartnership account. When the trial balance showed the credit to Tracy of nearly $2,000 on salary account, Michael at once objected. Thereupon the bookkeepers balanced the books by giving Michael a credit thereon for an equal sum which would of course balance them and render the account open to debits and credits for moneys and stock contributed, property sold, and establish whether or not there was any surplus above the debts which would then be divisible between the parties according to their respective interests in the firm. What was done by the parties at the time this balance was struck, and what was done in the correction of the books, completely satisfies us that there was no binding and legal agreement between Michael and Tracy which would entitle Tracy to $25.00 a week as salary, or to any other sum for services as a member of the firm. When it is demonstrated that this item is clearly erroneous, it is manifest that the judgment of the court cannot be sustained and that for this reason, if for no other, it ought to be reversed. As we have already stated, it is not our duty to go through the record and examine the accounts and determine where the truth lies as to all the items, but that is a matter for the trial court to weigh and it should consider the testimony and state the account and then render judgment accordingly. For these reasons we shall reverse the case, but we shall reverse it and remand it to the court below with directions to that court; first, to set aside the judgment and permit the parties to introduce any further evidence which they may have obtained subse-

quent to the trial bearing on any particular items set up in their application for a new trial and affidavits filed in support of it; second, to proceed then upon the testimony taken and what may be under this order introduced, and to state the account as between the parties, taking our finding in regard to the matter of salary as determined on the record, and accepting our judgment on that matter unless there be some other evidence properly introduced under our order bearing upon the question.   On the conclusion of the testimony the lower court will make its findings of fact, state the account and enter such judgment as shall accord with its determination of the weight, character and conclusiveness of the testimony, rendering such final decree thereon as circumstances require.

The case is therefore reversed with these directions and for further proceedings in the court below not inconsistent with this opinion.

*Reversed and remanded with directions.*